Jeffrey Lynn Bonner v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-111-CR

     JEFFREY LYNN BONNER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,446
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      The analysis of the majority of the testimony of Dawn Brown, the Child Protective Services
worker, misconstrues the State’s position as evidenced by the record. While the proper analysis
is different, the ultimate result is the same. Accordingly, I concur in the majority opinion on
everything other than the analysis of Brown’s testimony regarding what Dee Anna told her about
her knowledge of the abuse.
      The question asked by the State–What did Dee Anna tell you that her daughters had told her
about the sex abuse?–definitely asked for a hearsay response. Bonner objected that the question
called for a hearsay response. The State then limited the purposes for the admission of the answer
to the making of the statement, not for the truth of the matter asserted. At this point, there were
several additional objections that arguably could have been made, but were not, such as relevancy
or that the probative value, if any, was outweighed by the danger of unfair prejudice. In any
event, the trial court instructed the jury of the limited purposes for which the response was being
offered and Bonner made no additional objection.
      Limiting the purposes for which the response could be considered brought the response
outside the definition of hearsay—an out of court statement offered in court to prove the truth of
the matter asserted. Under these circumstances the trial court did not err in admitting the
evidence. The next question in the record—Did she later make a conflicting statement?—appears
to reveal the State’s purpose for asking the question. It appears the State intended to impeach the
credibility of Dee Anna by evidence that she had made inconsistent statements to CPS about the
extent of her knowledge of the sexual abuse of the victims by Bonner.
      Finally, the bold statement made by the majority that Dee Anna’s statements would be
inadmissible under any of the hearsay exceptions in Rules 803 and 804 is not only inaccurate, but
more importantly is beyond the scope of the issues presented to us. Tex. R. Evid. 803, 804. Rule
803(24) is an example of an exception that would be applicable. Tex. R. Evid. 803 (24). If Dee
Anna’s statement on the day of Bonner’s arrest indicated that she had cause to believe either child
had been abused, she could have been prosecuted for a Class B misdemeanor for the failure to
report the abuse. Tex. Fam. Code. 261.101, 261.109. Thus, the statement would have been
admissible as a statement against interest. Tex. R. Evid. 803 (24).
      With these comments regarding this narrow issue, I concur in the majority opinion.



                                                                               TOM GRAY
                                                                               Justice

Concurring opinion delivered and filed on August 15, 2001
Do not publish